FILED

11 NOV 21 PM 4: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

COPY

1  STEVEN G. SKLAVER (237612)
   KALPANA SRINIVASAN (237460)
2  AMANDA BONN (270891)
   SUSMAN GODFREY L.L.P.
3  1901 Avenue of the Stars, Suite 950
   Los Angeles, CA 90067
4  Telephone:  (310) 789-3100
   Fax:  (310) 789-3150
5  Email:  ssklaver@susmangodfrey.com
   Email:  ksrinivasan@susmangodfrey.com
6  Email:  abonn@susmangodfrey.com

7  *Attorneys for Defendant Alta-Dena Certified Dairy*

8

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13                                         CV 11-9686- DDP (FFMx)

14  STEVEN M. IKEDA, on behalf of         Civil Action No.
    himself and all others similarly situated,
15                                         **ALTA-DENA CERTIFIED**
                 Plaintiffs,               **DAIRY'S NOTICE OF**
16                                         **REMOVAL OF CIVIL**
         v.                                **ACTION**
17
    SWISS II, LLC, a Delaware Limited      [Los Angeles Superior Court Case
18  Liability Company; and DOES 1 through  No. BC-461031]
    50, inclusive,
19
                 Defendants.
20

21

22

23

24

25

26

27

28

    2047730v1/012862

1    Pursuant to 28 U.S.C. § 1441(b) and § 1332(d)(2), Defendant Alta-Dena
2    Certified Dairy, LLC ("Alta-Dena"), originally named as "Doe 1," hereby gives
3    notice of the removal of the above-entitled action from the Superior Court of the
4    State of California, County of Los Angeles, Case No. BC461031, to the United
5    States District Court, Central District of California.
6    For this Notice of Removal, Alta-Dena pleads as follows:
7    1.    There is jurisdiction over this removed action pursuant to 28 U.S.C. §§
8    1441 (a), (b) and (c) because the claims alleged by Plaintiff on behalf of the
9    putative class are preempted by § 301 of the Labor Management Relations Act (29
10   U.S.C. § 185(a)).
11   2.    Further, there is jurisdiction over this removed action pursuant to 28
12   U.S.C. §§ 1441 (a), (b) and (c) because the claims alleged by Plaintiff on behalf of
13   the putative class are preempted by the Federal Aviation Administration
14   Authorization Act of 1994 (FAAA Act).
15   3.    On May 5, 2011, an action was commenced in the Superior Court of
16   the State of California for the County of Los Angeles, entitled *Steven Ikeda v. Swiss*
17   *II, LLC*, as Case Number BC461031. A true and correct copy of the original
18   complaint, summons, and civil cover sheet is attached hereto as Exhibit 1.[1]
19   4.    Plaintiff's original complaint named Swiss II as a Delaware Limited
20   Liability Corporation "operating in Los Angeles California and throughout
21   California." Ex. 1 at ¶ 14.
22   5.    Plaintiff subsequently amended its original complaint on October 20,
23   2011 to substitute DOE 1 with Alta-Dena as a Defendant, and served Alta-Dena on
24   October 20, 2011. A true and correct copy of the Amendment to the Complaint is
25   attached as Exhibit 2.
26
27   [1] All exhibits are attached to the Declaration of Kalpana Srinivasan in Support of
28   Alta-Dena's Notice of Removal.

2047730v1/012862                                      1

6.     Plaintiff has indicated that it intends to dismiss Swiss II as a defendant in this action but has not yet done so.

7.     Plaintiff's complaint alleges that Defendant Alta-Dena failed to pay wages and overtimes; failed to provide rest periods and meal periods or compensation in lieu thereof; failed to comply with employees wage statements and violated the unfair competition laws.

8.     As discussed in more detail below, Plaintiff's state law claims are preempted because he alleges he was not paid all overtime to which he was entitled. However, Plaintiff's claims require interpretation of the collective bargaining agreements governing the work of Plaintiff and others in the putative class.  The collective bargaining agreements on their face suggest that Plaintiff is not entitled to the premium overtime he seeks in his Complaint.   Whether the collective bargaining agreement covers his claims or not requires interpretation of the relevant provisions.  Thus, Plaintiff's claims for unpaid overtime are preempted under § 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) because, as described below, they are "substantially dependent on an analysis of a collective bargaining agreement." *Firestone v. Southern Cal. Gas Co.*, 219 F. 3d 1063, 1065 (9th Cir. 2000).

9.     Additionally, this action as alleged in the Complaint could have been filed in this Court under the Court's federal question jurisdiction, 28 U.S.C. § 1441 (b), because the state law claims related to the provision of meal and rest breaks, unfair competition laws and the related claim regarding compliance with laws governing wage statements are preempted by federal law.  Removal is proper as here where a federal law preempts plaintiff's state law claims. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (upholding removal based on the preemptive effect of § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974); *Avco Corp. v. Machinists*, 390 U.S. 557, 560 (1968) (upholding

1   removal based on the preemptive effect of § 301 of the Labor Management
2   Relations Act, 1974).

3       10.    In this case, Plaintiff's claims are preempted by the Federal Aviation
4   Administration Authorization Act of 1994 (FAAA Act).   In *Dilts v. Penske*
5   *Logistics, LLC*, --- F. Supp. 2d ---, No. 08-CV-318 JLS (BLM), 2011 WL 4975520,
6   at *9 (S.D. Cal. Oct. 19, 2011), the court held that a case raising meal and rest break
7   and related unfair competition claims was preempted as a matter of law by the
8   FAAA, concluding that "the imposition of substantive standards upon a motor
9   carrier's routes and services" called for by California's meal and rest break laws
10   "implicates preemption here." *Id.*

11       11.    Because this action was filed and is pending in the Superior Court of
12   the State of California for the County of Los Angeles, removal of this action to this
13   District Court is proper under 28 U.S.C. § 1446(a).

14       12.    This Notice of Removal is timely because it is being filed within thirty
15   days of Plaintiff's service of its Amendment to its Complaint to add Alta-Dena on
16   October 20, 2011.  28 U.S.C. § 1446(b).

17       13.    The summons, civil case cover sheet, complaint, case management
18   statements, and Amendment to Complaint constitute all process, pleadings and
19   orders that have been filed in this action.   A true and correct copy of the case
20   managements statements, dockets, and minutes of the case management conference
21   are attached as Exhibit 3.

22       14.    Written notice of the filing of this Notice of Removal will be promptly
23   served upon Plaintiff.  A true and correct copy of this Notice of Removal is being
24   filed with the Clerk of the Superior Court of California for the County of Los
25   Angeles as soon as practicable.

26                                  **Jurisdiction**

27       15.    This action as alleged in the Complaint (as amended) could have been
28   filed in this Court under the Court's federal question jurisdiction, 28 U.S.C. § 1441

3

1  (b), because the state law claims related to the provision of meal and rest breaks,

2  unfair competition laws and the related claim regarding compliance with laws

3  governing wage statements are preempted by federal law.

4      16.    Even when a plaintiff does not plead a federal question on the face of

5  the complaint, "a plaintiff may not defeat removal by omitting to plead necessary

6  federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)

7  (internal citations omitted). Thus, where a federal law preempts plaintiff's state law

8  claims, removal is proper.

9      17.    Plaintiff's claims are preempted because Plaintiff alleges that

10  Defendants required employees to work more than 8 hours without one and a half

11  times the rate of compensation and more than 10 or 12 hours without twice the

12  regular rate of compensation. Exh 1, Compl. ¶ 26. Plaintiff seeks to certify a class

13  based on drivers who were "not paid all overtime wages." *Id.* ¶ 31.

14      18.    However, the collective bargaining agreements applicable to at least a

15  portion of the class that Plaintiff seeks to have certified contains specific provisions

16  that must be interpreted to decide this claim.

17      19.    Valentin Verner, a putative class member in this case, testified that he

18  was part of Teamsters Local 63 and subject to a collective bargaining agreement for

19  the entire time of his employment. Exh 4, Deposition of Valentin Verner at 29:21-

20  22; 40:22-25.

21      20.    The collective bargaining agreement between Swiss II and Teamsters

22  Local 63, 166, 186. and 630 from Sept 1, 2007 to August 31, 2012 – which would

23  cover Mr. Verner and other putative class members – addresses the issue of

24  overtime and may preclude the claim that Plaintiff makes. Exh 5. Specifically, that

25  agreement says that the employer may establish a basic straight-time workweek of

26  four, ten-hour days. *Id.* at p. 34 (1)(a). It also provides that drivers can be paid one

27  and a half times their hourly rates after nine hours of work. *Id.* at p. 34 (1)(d).

28  However, the agreement does not indicate that drivers are eligible to receive double

their rate of pay at any point. *Id.* Labor Code § 510 describe specific overtime requirements, including double pay for hours worked in excess of 12 hours. But that section also makes clear that the requirements do not apply to an alternative workweek schedule as adopted by a collective bargaining agreement. *Id* at (a)(2).

21. Additionally, under California Labor Code § 514, the labor code's overtime provisions "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Labor Code § 514

22. Whether the collective bargaining agreement provides for an alternative work week schedule and precludes payment of double pay at any point or implicitly allows for it based on state meal period laws requires an interpretation of the agreement. Further, whether the overtime provisions of the labor code do not apply because the collective bargaining meets the criteria of Labor Code § 514 requires interpretation of the terms of the agreement.

23. In *Firestone*, the Ninth Circuit affirmed the dismissal of a plaintiff's overtime claim as preempted under §301 of the LMRA "because resolution of the essential dispute between the parties about the applicability of the California exemption required interpretation of the complex pay and overtime pay provisions in the collective bargaining agreement." 219 F.3d at 1064.

24. Similarly here, Plaintiff's overtime claims require interpretation of the applicable collective bargaining agreements and whether they preclude the relief sought. Because these claims are preempted, they are removable and subject to this Court's jurisdiction.

25. Additionally, the claims brought by Plaintiff here have been found preempted under the Federal Aviation Administration Authorization Act of 1994

1    (FAAA Act), 49 U.S.C. § 14501 *et seq.*  In *Dilts*, the court held that a case raising

2    meal and rest break claims and a related claim for unfair competition was

3    preempted under the FAAA.  *Dilts*, 2011 WL 4975520, at *9.  First, the court

4    concluded that Penske's drivers and installers – who operated solely in California –

5    conducted activities that fell within the scope of the FAAA's regulation by

6    delivering various vendor products to Penske customers, in addition to performing

7    other activities. *Id.* at *5.

8         26.    Next, the court held that California meal and rest break laws fell within

9    the preemptive scope of the FAAA because they imposed substantive standards

10   related to the price, route or service of a motor carrier.  *Id.*  As the court reasoned:

11   "While the laws do not strictly bind Penske's drivers to one particular route, they

12   have the same effect by depriving them of the ability to take any route that does not

13   offer adequate locations for stopping, or by forcing them to take shorter or fewer

14   routes.  In essence, the laws bind motor carriers to a smaller set of possible routes."

15   *Id.* at *8.

16        27.    The court further concluded that the meal and rest breaks that were the

17   subject of Plaintiff's claims had a direct bearing on how the employer defendant

18   decided to set driver routes and other issues: "Here, the length and timing of meal

19   and rest breaks seems directly and significantly related to such things as the

20   frequency and scheduling of transportation." *Id.* at *9.

21        28.    Likewise here, as alleged by Plaintiff, Defendants "operate a dairy

22   business, which includes but is not limited to, delivery of dairy goods, in Los

23   Angeles County and throughout California." Exh 1, Compl. ¶ 17.

24        29.    Plaintiff seeks to represent a class of drivers in their claims for

25   violations of California's meal and rest break laws.  Exh 1, Compl. ¶ 18, 31

26   (seeking to represent persons who have "worked as non-exempt drivers and in any

27   other similar position").

28

2:11-cv-09686-R-FFM   Document 1   Filed 11/21/11   Page 8 of 12   Page ID #:127

30.     Plaintiff alleges that the putative class of employees "spend the majority of their doing the following: routing, driving and delivering and other duties incidental and necessary to the operation of a dairy business."   Exh 1, Compl. ¶ 21.

31.     Those claims are preempted under the FAAA because they impact directly Alta-Dena's route and scheduling for its drivers.

32.     Because those claims are preempted, they are removable and subject to this Court's jurisdiction.

WHEREFORE, Defendant Alta-Dena II respectfully requests that the above-titled action be removed from the Superior Court of the State of California for the County of Los Angeles to this District Court.


Dated:  November 21, 2011                STEVEN G. SKLAVER
                                         KALPANA SRINIVASAN
                                         AMANDA BONN
                                         SUSMAN GODFREY L.L.P.

                                         By _____
                                           Kalpana Srinivasan
                                           *Attorneys    for    Defendant    Alta-Dena
                                           Certified Dairy*

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On November 21, 2011, I served the foregoing document(s) described as follows:

**ALTA-DENA CERTIFIED DAIRY'S NOTICE OF REMOVAL OF CIVIL ACTION**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

<u>XX</u>   BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____   BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____   BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____   BY TELECOPIER
I served by facsimile as indicated on the attached service list.

<u>XX</u>   BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on November 21, 2011, at Los Angeles, California

_____(State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<u>XX</u>   (Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Helen Danielson | _Helen Danielson_ (signature) |
| (Type or Print Name) | (Signature) |

2047730v1/012862                    8

1

## SERVICE LIST

2

Attorneys for Plaintiff Stephen M. Ikeda

3

4

James R. Hawkins
Gregory E. Mauro

5

Alvin B. Lindsay
JAMES HAWKINS, APLC

6

9880 Research Drive, Suite 200

7

Irvine, CA 92618
Telephone: (949) 387-7200

8

Facsimile: (949) 387-6676

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-11-2011   04:48pm   From-Susman Godfrey L.P.P.   3107893150   T-961   P.001/005   F-647

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>STEVEN M. IKEDA | DEFENDANTS<br>SWISS II, LLC, DOES 1 - 50 |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>James R. Hawkins, Gregory R. Mauro<br>9880 Research Drive, Ste. 200, Irvine, CA 92618<br>(949) 387-7200 | Attorneys (If Known)<br>Kalpana Srinivasan, Steven Sklaver, Amanda Bonn<br>Susman Godfrey L.L.P., 1901 Avenue of the Stars, Suite 950,<br>Los Angeles, CA 90067<br>(310) 789-3100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lab. Code Sec. 510, 1194, 226.7 512, 226, 1174, 1175, Bus. & Prof. Code Sec. 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☑ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV11-9686 DDP (FFMx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV 02698 PA

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
  ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas,Wisconsin |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 11/21/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |