STEVEN G. SKLAVER (237612)
KALPANA SRINIVASAN (237460)
AMANDA BONN (270891)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: ssklaver@susmangodfrey.com
Email: ksrinivasan@susmangodfrey.com
Email: abonn@susmangodfrey.com

*Attorneys for Defendant Alta-Dena Certified Dairy, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. IKEDA, MICHAEL MILLER, DAVID PETERSON, BENJAMIN ZENDEJAS and ARMANDO FELIX, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 11-9686 R (FFMx)<br><br>**CLASS ACTION**<br><br>**L.R. 52-4 SEPARATE OBJECTIONS TO PLAINTIFF'S PROPOSED ORDER RE PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES PURSUANT TO 28 U.S.C. § 1447(c)** |

2219503v1/012862

1    Pursuant to Local Rule 52-4, Defendant Alta-Dena Certified Dairy, LLC
2 ("Alta-Dena") hereby submits the following objections to the Proposed Order Re
3 Plaintiff's Motion To Remand To Superior Court Of California, County Of Los
4 Angeles Pursuant To 28 U.S.C. § 1447(c) filed by Plaintiff Steven M. Ikeda
5 ("Plaintiff Ikeda").

6    1.    Alta-Dena objects to Plaintiff Ikeda's proposed order because it is
7 ambiguous and does not expressly reflect that the Court's ruling was limited to the
8 issue whether removal jurisdiction existed based on Labor Management Relations
9 Act ("LMRA") preemption, 28 U.S.C. § 185(a), and expressly did not address the
10 issue whether the First Amended Complaint ("FAC"), which was filed March 8,
11 2012 and was the subject of supplemental briefing, independently gives rise to
12 diversity jurisdiction.

13    2.    Alta-Dena removed this case based on federal question jurisdiction,
14 arguing that Plaintiff Ikeda's state law meal break and overtime claims were
15 preempted by § 301 of the LMRA.  29 U.S.C. § 185(a).  Plaintiff Ikeda moved to
16 remand for lack of subject matter jurisdiction, arguing that his claims are not
17 preempted.

18    3.    After the motion to remand was fully briefed, Plaintiff Ikeda filed the
19 FAC on March 8, 2012 which, in relevant part, added (1) four additional named
20 Plaintiffs and (2) claims on behalf of the California Labor and Workforce
21 Development Agency ("LWDA") pursuant to the Labor Code Private Attorneys
22 General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 *et seq.*

23    4.    On March 13, 2012, Alta-Dena filed an *ex parte* application, seeking
24 leave to file a supplemental brief explaining why the FAC gave rise to a new,
25 separate and independent basis on which the Court should exercise subject matter
26 jurisdiction.  Alta-Dena's supplemental brief argued that based on the FAC, the
27 Court now has diversity jurisdiction, 28 U.S.C. § 1332(a), because (1) each plaintiff
28 is completely diverse from Alta-Dena in terms of citizenship; (2) the PAGA claims

arise from a "common and undivided interest" and therefore must be aggregated in calculating the amount-in-controversy; and (3) the penalties at issue on Plaintiffs' PAGA claims exceed $75,000.

5. In an Order dated March 15, 2012, the Court granted Alta-Dena's *ex parte* application, ordered that Alta-Dena's proposed supplemental brief and supporting papers would be deemed filed, and permitted Plaintiff Ikeda until March 21, 2012 to file a responsive brief. On March 21, 2012, Plaintiff Ikeda filed a responsive brief, arguing that the FAC did not confer diversity jurisdiction.

6. On March 26, 2012 the Court held a hearing on Plaintiff Ikeda's Motion To Remand. During oral argument, the Court noted that there is no Federal Rule of Civil Procedure or Local Rule authorizing the filing of supplemental briefing.

7. Following oral argument, the Court read into the record its ruling granting Plaintiff Ikeda's motion to remand, stating that removal jurisdiction did not exist because Plaintiff Ikeda's state law claims are not preempted by § 301 of the LMRA for purposes of removal jurisdiction. 29 U.S.C. § 185(a).

8. However, the Court did *not* rule on the issues raised in Alta-Dena's supplemental brief, did not address whether the FAC cured any jurisdictional defect that existed at the time of removal, and did not press or pass upon the existence of diversity jurisdiction based on the FAC.[1]

9. For the foregoing reasons, Alta-Dena respectfully requests that the Court reject Plaintiff's Proposed Order and instead enter Alta-Dena's Proposed Order.

---

[1] Because the FAC gives rise to diversity jurisdiction—and because the Court's ruling did not address the existence of subject matter jurisdiction based on the FAC—Alta-Dena intends to remove the case based on diversity jurisdiction following remand.

2219503v1/012862

| | |
|---|---|
| Dated: March 27, 2012 | STEVEN G. SKLAVER<br>KALPANA SRINIVASAN<br>AMANDA BONN<br>SUSMAN GODFREY L.L.P.<br><br>By: */s/ Amanda Bonn*<br>    Amanda Bonn<br>*Attorneys for Defendant Alta-Dena Certified Dairy, LLC* |

3

2219503v1/012862